NOT DESIGNATED FOR PUBLICATION

No. 122,408

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SYLVESTER S. RIDGE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC WILLIAMS, judge. Opinion filed September 4, 2020. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before GREEN, P.J., ATCHESON and BRUNS, JJ.

PER CURIAM: Defendant Sylvester Ridge contends the Sedgwick County District Court overstepped its broad judicial discretion when it revoked his probation and required him to serve prison sentences for aggravated burglary and criminal threat, both of which are felonies. Ridge never adjusted to probation and could not comply with the conditions required of him. Under the circumstances, we find no abuse of discretion and affirm the district court.

The State charged Ridge with one count of aggravated burglary, one count of criminal threat, and one count of misdemeanor battery arising from an incident in early

1

October 2018, when he kicked in the front door of his sister's apartment, threatened to kill everyone there, and then violently fought with her boyfriend.

Ridge entered guilty pleas to both felony charges in early March 2019 as part of an agreement with the State calling for a joint sentencing recommendation of the low guidelines sentence on each conviction with concurrent sentences and a downward dispositional departure to probation. The reasons cited in support of the agreement included Ridge's ongoing mental health and substance abuse problems, resources in the community to address those needs, and the desire of the victims that Ridge be granted probation and an opportunity for rehabilitation. Upon Ridge's pleas to the felony charges, the State also dismissed the misdemeanor battery.

Consistent with the plea agreement, the district court sentenced Ridge in mid-April to a prison term of 144 months on the aggravated burglary conviction to be served concurrent with a term of 5 months on the criminal threat conviction with postrelease supervision for 36 months. The district court granted Ridge's request for a dispositional departure to probation and set the period for 36 months.

Ridge did not fare well on probation. In July 2019, he admitted to violations of his probation conditions in May—he tested positive for alcohol consumption and failed to attend substance abuse treatment. Those failures were of particular concern, since Ridge had attributed his criminal behavior in no small part to his unchecked consumption of drugs and alcohol. The district court extended the term of Ridge's probation and ordered that he enter the Residential Center program, a comparatively restrictive nonprison placement. In November, Ridge again appeared in district court and admitted a probation violation for consuming alcohol and having a breath test positive for alcohol. The district court imposed a 48-hour jail sanction with credit for the 3 weeks Ridge had spent in jail on the warrant for the probation violation and ordered Ridge returned to the Residential Center program.

Ridge was back in district court just before Christmas on a probation violation warrant for testing positive for cocaine, marijuana, and benzodiazepines in late November and for having a positive breath test for alcohol in early December. Ridge again admitted the violations. Ridge's probation officer recommended a 60-day jail sanction followed by placement in a restricted environment with monitoring through a global positioning system device. The State opposed any further accommodation of Ridge on probation and argued that he should be required to serve his prison sentences. Both personally and through his lawyer, Ridge asked for another chance on probation. Ridge acknowledged struggling with his addiction and letting down his probation officer and family members who had been trying to help him. He pleaded for the opportunity to make up for those failures.

The district court alluded to Ridge's criminal history that includes convictions for three felonies before this case and outlined briefly the rocky path of Ridge's current probation. The district court concluded those circumstances demonstrated that Ridge was not amenable to probation and ordered that he serve the controlling prison sentence of 144 months.

After filing his notice of appeal, Ridge requested this case be handled by summary disposition under Kansas Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). We have granted that request. Ridge contends the district court abused its discretion in refusing to continue him on probation and sending him to prison.

Probation is an act of judicial leniency afforded a defendant as a privilege rather than a right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). A district court's decision to revoke probation usually involves two steps: (1) a factual determination that the probationer has violated a condition of probation; and (2) a discretionary

determination as to the appropriate disposition in light of the proved violations. *State v. Skolaut*, 286 Kan. 219, Syl. ¶ 4, 182 P.3d 1231 (2008).

A defendant's admission of charged violations satisfies the first step. Here, Ridge so stipulated at the December revocation hearing, obviating the State's duty to prove the violations by a preponderance of the evidence. See *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006); *State v. Inkelaar*, 38 Kan. App. 2d 312, 315, 164 P.3d 844 (2007), *rev. denied* 286 Kan. 1183 (2008). After a violation has been established, the decision to reinstate probation or to revoke and incarcerate the probationer rests within the sound discretion of the district court. See *Skolaut*, 286 Kan. at 227. Judicial discretion has been abused if a decision is arbitrary, fanciful, or unreasonable or rests on a substantive error of law or a material mistake of fact. *State v. Cameron*, 300 Kan. 384, 391, 329 P.3d 1158, *cert. denied* 135 S. Ct. 728 (2014). Ridge carries the burden of showing that the district court abused its discretion. See *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Here, the district court plainly understood the factual circumstances consistent with Ridge's admissions of the last probation violations. Those circumstances show Ridge tested positive for three illegal drugs, and for purposes of a probation revocation hearing that is sufficient to establish the commission of a new crime. A district court may revoke the probation of a defendant who has been afforded a downward durational departure from presumptive incarceration to probation for any violation of his or her conditions of probation. K.S.A. 2019 Supp. 22-3716(c)(7)(B). Likewise, a district court may revoke probation if the defendant commits a new felony or misdemeanor. K.S.A. 2019 Supp. 22-3716(c)(7)(C). The district court, therefore, acted within the governing statutory rules.

4

We are, thus, left to ask whether the district court's decision was so far afield that no other district court reasonably would have done the same in these circumstances. We are comfortable concluding that is not true.

Ridge had a serious substance abuse problem that was not amenable to community-based treatment options, as evidenced by his repeated probation violations during the six months after he was sentenced. Sometimes, a defendant may be able to reckon with those demons only in a prison setting. We have upheld probation revocations in those situations. See *State v. Bergman*, No. 120,423, 2020 WL 1074718, at *1 (Kan. App. 2020) (unpublished opinion); *State v. Zwickl*, No. 115,959, 2017 WL 2709799, at *3 (Kan. App. 2017) (unpublished opinion). This is another example.

Affirmed.